UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALBERT KARKUNOV,

        Plaintiff,

v.

JULIEANN C SMITH et al.,

        Defendants.

CASE NO. C15-5231 RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR:
MAY 1, 2015

    The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

    Currently before the Court is plaintiff's motion for an emergency temporary restraining order (*see* Emergency motion Dkt. 1). Plaintiff has not filed a proposed complaint. Further, plaintiff has not paid a filing fee or filed a proper application to proceed in forma pauperis. Plaintiff did not provide a copy of his prison trust account, as required by 28 U.S.C. § 1915(2), so that the Court could consider an application to proceed in forma pauperis. In addition, plaintiff did not sign his motion as required by Fed. R. Civ. P. 11 (*see* Dkt. 1). These are just

REPORT AND RECOMMENDATION - 1

some of the defects that prevent the Court from considering plaintiff's motion.  The Court recommends denial of plaintiff's motion without prejudice and without reaching the merits.

FACTS

Plaintiff is a state inmate currently housed at the Clallam Bay Correction Center. Plaintiff alleges that he was transferred from the Washington State Penitentiary to the Clallam Bay Corrections Center (*id*.).  Plaintiff alleges that the Washington State Penitentiary property sergeant, Danny Walker, has held plaintiff's legal and personal property since October 27, 2014, and that the property is scheduled for destruction on or after April 9, 2015 (*id*.).  Plaintiff asks the Court to stop prison officials at the Washington State Penitentiary from destroying his legal and personal materials.  The Court notes that the Washington State Penitentiary is in Walla Walla, Washington, and is not in this Court's jurisdiction.  It is in the jurisdiction of the United States District Court for the Eastern District of Washington.

In his motion plaintiff states:

> The overall details are incorporated here by reference to my Wa State Supreme Court Case # 90578-9, the last adverse ruling in which I received on 4-6-15 dated 4-2-15, possibly lifting the previously issued TRO/Stay in COA-Div.I case# 67684-9-I on 8-22-11 to prevent destruction of my discovery material in my King County case # 05-1-0646467-2 (in which I claim actual & factual innocence) & my other legal materials.

*See* Dkt. 1, p. 3.  Plaintiff does not provide any of the documents he attempts to incorporate by reference.  Thus, the Court does not have any of the documents he cites before it.

Plaintiff asks the Court to prevent the destruction of his legal property and brings this motion as a *quia timet* injunction,[1] or in the alternative under Fed. R. Civ. P. 65 (*see* Dkt. 1, p.

---

[1] *Quia timet* is an equitable remedy used to guard against possible or prospective injuries.  This type of equitable motion still has application in quite title actions and surety cases. *See generally Robinson v. U.S.*, 586 F.3d 683, 687 n.2 (9th Cir. 2009) (quite title action); *see*

1  2). Plaintiff dated his motion April 8, 2015, the day before prison officials had scheduled the

2  destruction of his property (*see* Dkt. 1). The Court received the motion on April 14, 2015 (*see*

3  Dkt. 1).

4        Plaintiff states it would cost him two hundred and eighty five dollars to ship his materials.

5  Plaintiff asks the Court to call the Washington State Penitentiary, presumably to stop destruction

6  of his material (*see* Dkt. 1).

7  DISCUSSION

8        1.    A motion for *quia timet*.

9        *Quia Timet* is an equitable remedy. One of the basic maxims of equity that is still applied

10  in Washington State is that the person seeking equity must come to the Court with clean hands.

11  *Miller v. Paul M. Wolff Co.*, 178 Wn. App. 957, 965 (Wn. App. 2014). Here, plaintiff waited

12  over five months, until the day before his property was scheduled for destruction, before handing

13  his motion to prison officials for mailing (*see* Dkt. 1 dated April 8, 2015). Plaintiff's action is

14  not the type of fair dealing required for equitable relief. Further, the relief plaintiff seeks is

15  adequately addressed as injunctive relief. The Court will not consider plaintiff's motion as a

16  motion *quia timet*.

17        2.    Filing a complaint.

18        In order to consider any action, a Court must have an actual case or controversy before it.

19  *See* U.S. Const. Art 3 § 2. A civil action is commenced by the filing of a complaint. *See* Fed. R.

20  Civ. P. 3. While Fed. R. Civ. P. 65(b), which addresses temporary restraining orders, allows a

21  court to consider facts in an affidavit or verified complaint, consideration of injunctive relief

22

---

23

24  *also Abish v. Northwestern Nat. Ins. Co. of Milwaukee, Wis.*, 924 F.2d 448, 449 (2nd Cir. 1991) (form of equitable relief said to available to sureties).

clearly contemplates a complaint being filed.  In fact, one of the factors a court considers is if the plaintiff can show a likelihood of success on the merits.  *See Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008).  This factor clearly contemplates that the Court will have the benefit of having a complaint before it.  Plaintiff's failure to file a complaint hampers the Court's ability to consider his motion. Accordingly, the Court recommends denial of this motion without prejudice.

       3.      Signing court documents.

      Fed. R. Civ. P. 11(a) states that every pleading, written motion or other paper must be signed.  The rule states:

> **(a) Signature**. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11.  Plaintiff's failure to sign his motion or comply with basic rules of procedure prevents consideration of his motion. Accordingly the Court recommends denial of this motion without prejudice.

      For the reasons stated above the Court declines to consider this motion on the merits as plaintiff's action has not been properly commenced and plaintiff's motion was not properly signed.

      Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge.  *See* 28 U.S.C. § 636(b)(1)(C).  Accommodating the time limit

1  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on May
2  1, 2015, as noted in the caption.

3       Dated this 15th day of April, 2015.

                                                    J. Richard Creatura
                                                    United States Magistrate Judge