HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALBERT KARKUNOV,

        Plaintiff,

   v.

JULIEANN C SMITH,

        Defendant.

CASE NO. C15-5231 RBL

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on Plaintiff Karkunov's Motion for Reconsideration of the Court's Order Denying his Motion for a TRO [Dkt. #7].

The WSP and DOC currently hold several boxes of legal files that Karkunov believes are essential to his prospective Civil Rights Claim and Habeas Petition. These boxes are scheduled for imminent destruction. Karkunov filed a Motion for a TRO under FRCP 65(b) [Dkt. #1] in an effort to preserve them. Karkunov did not file an actual complaint.

This court referred Karkunov's Motion to Magistrate Judge Creatura. The Magistrate recommended the court dismiss Karkunov's claim without prejudice, due to the following procedural defects [Dkt. #3]:

1. Karkunov did not file an actual complaint; he filed only a motion.

2.  Karkunov has not paid a filing fee or filed an application to proceed *in forma pauperis*.

3.  Karkunov did not sign his motion.

This court adopted the Magistrate Judge's recommendations, and dismissed the case. However, Karkunov's objections to the recommendation were delayed in the mail, and so this Court issued its order before receiving or reviewing the objections. The Court has now reviewed these objections, and the prior ruling stands.

Motions for reconsideration are disfavored, and should generally only be granted when the outcome after reconsideration might be different than the initial decision:

> (1) *Standard.* Motions for reconsideration are **disfavored**. The court will ordinarily deny such motions in the absence of a showing of **manifest error in the prior ruling** or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

LCR 7(h) (emphasis added)

Karkunov 's objections to the R and R do not address, much less cure the procedural defects that led to the dismissal of this case.

Most critically, Karkunov has failed to invoke this Court's subject matter jurisdiction. Karunov claims that he "understood that [he] could bring [his] action in the U.S. District Court for the Western District of Washington if one or more of the named defendants is located within [that] district." [Dkt. #5]. This may address personal jurisdiction over the defendants, but it does not address the Court's subject matter jurisdiction. Karkunov sought a TRO under the Federal Rules, but citing them does not give the court jurisdiction over the underlying dispute.

Furthermore, even if Rule 65 applied, Karkunov must demonstrate that he is entitled to relief based on "specific facts in an affidavit or verified complaint." FRCP 65(b)(1)(A). But

1  Karkunov has not filed *any* complaint, much less a verified one demonstrating a right to relief in
2  this Court.

3        The Motion for Reconsideration is DENIED.

5        Dated this 22nd day of June, 2015.

                                      Ronald B. Leighton
                                      United States District Judge